UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILIP JOHN WATSON,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 1:18-cv-00865-JDP

ORDER ON SOCIAL SECURITY APPEAL

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration ("SSA") regarding his application for a period of disability and disability insurance benefits. Claimant seeks benefits based on alleged mental limitations. At a hearing on September 20, 2019, I heard argument from the parties. I have reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have considered arguments made at the hearing. For the reasons stated on the record at oral argument and in this order, I vacate the administrative decision of the Commissioner and remand this case for further proceedings before the Administrative Law Judge ("ALJ").

I remand this case because I find that the ALJ's evaluation of the opinions of (1) a treating doctor and (2) a lay witness fell short of the requirements established by our Court of Appeals. The ALJ did not provide a specific and legitimate reason for discounting the opinion of treating physician Dr. Berner. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (If a treating

doctor's opinion "is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." (internal quotation omitted)). Dr. Berner saw claimant five times, over an approximately two-year period. He provided six pages of notes and a one-page cover letter describing what he saw as claimant's limitations and their impact on his ability to work (claimant could work only under "unusual circumstances without the usual demands for structure, punctuality, getting along with others, and anger management"). AR 426.

The ALJ gave four reasons for according Dr. Berner's opinion "little weight," but none pass muster. *Id.* First, the ALJ stated that Dr. Berner saw claimant only "a few times." *Id.* In many circumstances, this would be a specific and legitimate reason for discounting a medical opinion, but it is not one here, where the ALJ chose to rely almost entirely on medical consultants who never saw claimant at all. *Id.* Second, the ALJ criticized Dr. Berner's opinion as "very vague." I am unable to reconcile this with Dr. Berner's statement of his opinion which, though not lengthy, is specific both as to suspected neurological conditions (ADHD, "anger and impulse control," "unusual Bipolar Disorder," and the condition that "in the recent past has been referred to as Aspergers Syndrome") and as to the impacts of these conditions on claimant's ability to work (see quote in preceding paragraph). *Id.* Third, the ALJ states that "the issue of disability is reserved to the Commissioner." *Id.* As our Court of Appeals has put it, "the fact that the treating physician's opinion was on an issue reserved to the Commissioner is not by itself a reason for rejecting that opinion." *Esparza v. Colvin*, 631 F. App'x 460, 462 (9th Cir. 2015). Finally, the ALJ observed that Dr. Berner is not a vocational rehabilitation specialist. While undisputed, this is hardly a reason to set aside the opinion in its entirety, as the ALJ appears to have done. AR 37.

Turning to the issue of the lay witness, the ALJ did not provide a sufficient basis for discounting the opinion of claimant's therapist. Under the law of this circuit, "an ALJ need only give germane reasons for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Though this standard sets a low bar, that bar is not devoid of meaning. The ALJ fell short of it here, where she discounted the statements of Ms. Thompsen because "she is not an acceptable medical source." AR 37. Though that may be the case within

the meaning of relevant regulations, Ms. Thompsen's opinion still deserved consideration as that of a lay witness. The ALJ seems to recognize this, declaring that she gave Ms. Thompsen's opinion "the appropriate weight for non-acceptable medical source reports." *Id.* Unfortunately, I cannot just take her word for it; I am charged with conducting judicial review.[1]

Accordingly, the clerk of court is directed to enter judgment in favor of claimant Phillip John Watson and against defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:  September 23, 2019  _____
UNITED STATES MAGISTRATE JUDGE

No. 200.

---

[1] The ALJ also gave rather short shrift to the opinions of at least three other lay witnesses—claimant's aunt, and two sisters—stating simply that these sources "have not established that they have expertise in the areas of vocational rehabilitation or job placement." This is akin to stating that the lay witnesses are lay witnesses; it is not a reason germane to these particular lay witnesses. Follow-up statements by the ALJ, however, raise at least the possibility that the ALJ discounted the opinions of these sources because she thought that these sources' views were driven by what the ALJ saw as unrealistically high expectations for claimant (they wanted him to lead a "normal life"). Given the other issues identified in this order, I need not and do not reach the issue of whether the ALJ's stated basis for discounting the testimony of these witnesses was—as required—"germane." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).